IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Blanche K. Scott, ) | C/A NO. 3:08-1599-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| City of Camden, Inspector John Burns, ) | |
| Charles Cushman, and Cpt. Russ Morgan, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Blanche Scott brought suit in this court pursuant to 42 U.S.C. § 1983, alleging that several of her Constitutional rights were violated as a result of her prosecution by the City of Camden ("City") on two zoning ordinance citations. Plaintiff also alleges violations of 42 U.S.C. §§ 1985 and 1986, as well as state law claims for outrage, civil conspiracy, and abuse of process. Plaintiff sued the City, Charles Cushman (Cushman), John Burns (Burns), and Russ Morgan (Morgan). Cushman is the City Attorney who prosecuted the criminal charges brought against Plaintiff. Burns is the City's Zoning Administrator, and Morgan is an officer with the City Police Department who allegedly sent Plaintiff a letter "threatening" that if she did not pay the fine associated with her conviction on one of the citations, she would be jailed.

Defendants moved for summary judgment on all claims. Plaintiff responded in opposition to some of Defendants' arguments, but acknowledged that Defendant Cushman should be dismissed from this action based upon prosecutorial immunity, and that her conviction on Citation Number 266 bars her claim for alleged retaliatory prosecution in violation of the First Amendment. *See Hartman v. Moore*, 547 U.S. 250 (2006) (holding that plaintiff must plead and prove the absence of probable

1

cause to support claim of retaliatory prosecution under the First Amendment). Moreover, Plaintiff abandons her claim for outrage in her opposition memorandum. Defendants have responded in opposition to Plaintiff's arguments in her opposition memorandum.

Therefore, the court **dismisses Defendant Charles Cushman with prejudice. Plaintiff's claims for retaliatory prosecution and outrage are dismissed with prejudice.** As to Plaintiff's remaining claims, for the reasons discussed below, Defendants are hereby granted summary judgment and these claims are dismissed with prejudice.

### STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

2

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

**CONSTITUTIONAL VIOLATION**

As to Plaintiff's remaining cause of action based upon an alleged constitutional violation, the court must determine whether, taken in the light most favorable to Plaintiff, there are disputed

3

issues of material fact as to whether Defendants' conduct violated Plaintiff's constitutional rights. *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004). If the undisputed facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and Plaintiff cannot prevail. *Id*. On the other hand, if there are disputed issues of material fact as to whether a violation of the Constitution has been shown, summary judgment is inappropriate unless the right is not clearly established.[1]

**FACTS**

Taken in the light most favorable to Plaintiff, the facts are as follows. In 2003, Plaintiff owned residential property located at 802 Mill Street. This property lies within the City of Camden ("City") limits. Plaintiff does not contend the property is not subject to the City's zoning ordinances.

Prior to September 24, 2003, Plaintiff displayed for sale on her lot several items, including a water heater, a stove, bales of hay, and various building materials. Plaintiff also arrayed several

---

[1]The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818. Defendants seek summary judgment based on qualified immunity. Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan*, 555 U.S. ____ , 129 S. Ct. 808 (2009). In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Supreme Court held that the test for determining qualified immunity requires that the court make a two-step inquiry "in proper sequence." In *Pearson*, however, the Court found that it is not necessary that the court review these steps in a particular order, as the inquiry process is left to the court's discretion. *Pearson*, 555 U.S. at ___, 129 S. Ct. at 818. Thus, this court may first inquire whether the right allegedly violated was clearly established at the time of the alleged offense. *Id*. If the right was not clearly established at the time of the alleged offense, then the court's inquiry need go no further. *Pearson* "does not prevent the lower courts from following the *Saucier* procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases." *Id*., 555 U.S. at ____, 129 S. Ct. at 821.

signs, indicating the items were for sale and their respective prices. Plaintiff contends that prior to this "yard sale," she had "attempted to obtain a permit for her yard sale and sign from [the City], only to be told [ ] a permit was not necessary." Compl. at ¶ 9 (Dkt. # 1, filed Apr. 15, 2008).

Burns, a building official and the Zoning Administrator for the City, received at least one complaint about "items being stored for sale, various signs and so forth . . . ." on Plaintiff's property. Mem. Supp., Attach. 2 at p. 4) (Dkt. # 52-4, filed May 26, 2009). Burns traveled to Plaintiff's property on September 24, 2003, met with Plaintiff, explained that she was in violation of City zoning ordinances, and asked her to remove the items. Plaintiff does not dispute that this meeting occurred. Burns returned to the property on September 30, 2003, and noticed that the items had not been removed. On September 30, 2003, Burns wrote Plaintiff a letter memorializing his September 24 visit and their conversation, and directing that Plaintiff "immediately stop the sale of items at the above referenced location and [ ] remove all signs." Mem. Supp., Ex. D (Dkt. # 52-3, p. 12 (filed May 26, 2009). The letter notified Plaintiff that failure to comply would "subject [her] to penalties as prescribed by law." *Id*.

Plaintiff does not dispute that she received the letter and that she failed to comply with the demands made in the letter. Thereafter, on October 24, 2003, Burns issued two zoning ordinance violation citations to Plaintiff. Citation Number 266 ("# 266") was for violating the City's Zoning Ordinances by displaying items for sale located within the setbacks and in the front of her property. The second citation, Number 267 ("# 267"), was issued for an alleged violation of the City's Sign Ordinances. The citations are marked with an appearance date of November 19, 2003, noted as the initial "trial date." Mem. Supp., Ex. A (Dkt. 52-3, p. 6, filed May 26, 2009).

Plaintiff elected to proceed to trial, and the matters were tried in the City of Camden

5

Municipal Court on July 30, 2004. Plaintiff was represented by counsel. Plaintiff was acquitted by a jury on # 267, but was found guilty on # 266. Plaintiff thereafter appealed her conviction to the Circuit Court, which reversed her conviction and remanded the matter to the Municipal Court for a new trial.

Plaintiff's retrial on # 266 was scheduled for January 10, 2008. Plaintiff retained new counsel shortly before trial; however, this attorney was unable to appear on January 10 due to a scheduling conflict. The presiding judge denied Plaintiff's motion for a continuance and required her to proceed to trial without counsel. Plaintiff was again convicted on # 266. Plaintiff timely filed a motion for reconsideration and a new trial, which was granted by order dated March 13, 2008. Mem. Supp., Ex. B (Dkt. # 53-3 p. 8, filed May 26, 2009). Plaintiff avers that on March 11, 2008, while the case was "being appealed,"[2] she received a letter from Morgan wherein he "threaten[ed]" her with jail if she did not pay the fine immediately. Aff. of Blanche Scott at 2 (Dkt. # 54-2, filed June 17, 2009).[3] Neither Plaintiff nor Defendants have submitted this alleged letter.[4]

On May 16, 2008, Plaintiff again proceeded to trial, represented by counsel. Plaintiff's counsel made two motions for directed verdict, which were denied, and the matter was subsequently submitted to a jury. Plaintiff was again convicted on # 266, and sentenced to pay a fine of $1,090.00

---

[2]Plaintiff appears to be referring to her then-pending new trial motion, as no appeal was filed to the Circuit Court.

[3]The affidavit submitted by Plaintiff's counsel as an attachment to Plaintiff's opposition memorandum does not comply with the Electronic Case Filing Policies and Procedures for the District of South Carolina ("ECF P&P"). Section 10.5 of the ECF P&P states: "[D]ocuments containing the signature of persons other than Filing Users are to be filed electronically as a scanned image. Documents must be retained in compliance with the court's retention requirements." Counsel is notified that failure to comply with this court's ECF P&P in the future may result in sanctions, including the striking of deficient filings.

[4]The letter is referenced as "exhibit A" [sic] to Plaintiff's complaint, but it is not attached.

or serve thirty (30) days in jail. Plaintiff did not appeal her conviction. Plaintiff paid the fine imposed by the Municipal Court.

Based on Plaintiff's abandonment of certain of her claims, the causes of action remaining for discussion are as follows: an alleged violation of Plaintiff's Sixth Amendment rights; an alleged conspiracy to violate her civil rights under 42 U.S.C. § 1985 and the failure to prevent such alleged conspiracy in violation of 42 U.S.C. § 1986; and state law claims for civil conspiracy and abuse of process.

**DISCUSSION**

A. 42 U.S.C. § 1983 – Sixth Amendment

Plaintiff contends Defendants violated her right to counsel during her January 10, 2008, trial when she was denied a continuance by the presiding judge and required to proceed to trial without counsel. The remaining individual Defendants argue that this cause of action is not applicable to them, as the trial judge directed that the trial proceed without her counsel. This court agrees and grants summary judgment on this claim as to Defendants Burns and Morgan.

The City argues Plaintiff has failed to plead or prove an official policy or custom of the City to establish municipal liability so as to hold the City responsible for the trial judge's ruling. *See Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) (holding that "plaintiffs seeking to impose liability on a municipality must . . . adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."). Plaintiff contends that the municipal court judge can be considered a "final policymaker" for the City so as to establish this liability. Even assuming Plaintiff has stated a viable claim for violation of Sixth Amendment rights, for the reasons stated by Defendants, with

7

which this court agrees, the court grants Defendants summary judgment motion as to this constitutional claim.

### B. 42 U.S.C. §§ 1985 and 1986

Plaintiff's third and fourth causes of action relate to an alleged conspiracy to violate her civil rights, in violation of 42 U.S.C. § 1985, and an alleged failure to prevent said conspiracy, in violation of 42 U.S.C. § 1986. Plaintiff has failed to allege or prove some race-based or class-based animus. Plaintiff (a Caucasian) contends that she "is a member of a class of persons protected by the First Amendment guarantee of freedom of speech." Mem. in Opp. at 3 (Dkt. # 54, filed June 17, 2009). This "class membership," of whom *everyone* is a member, does not qualify as a class which Congress meant to include in the statutory protection afforded by § 1985, as the alleged conspiracy must be undertaken by individuals who "are motivated by a specific class-based, invidiously discriminatory animus . . . ." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Therefore, Defendants are entitled to summary judgment on Plaintiff's claims under § 1985 and § 1986.

### C. State Law Claims

#### *1. Civil Conspiracy*

Plaintiff's fifth cause of action is one for an alleged civil conspiracy in contravention of South Carolina law. Defendants have moved for summary judgment, citing Plaintiff's failure to prove the elements of this state claim. Plaintiff has responded in opposition.

For the reasons stated by Defendants, with which the court agrees and adopts, Defendants are granted summary judgment as to this claim.

#### *2. Abuse of Process*

Plaintiff's seventh cause of action is for alleged abuse of process. Defendants have moved

8

for summary judgment, arguing Plaintiff has presented no evidence of an ulterior motive, one of the necessary elements of an abuse of process claim. Plaintiff has responded in opposition.

For the reasons stated by Defendants, with which the court agrees and adopts, Defendants are granted summary judgment as to this claim.

**CONCLUSION**

For the reasons stated above, Defendant Charles Cushman is **dismissed** from this matter **with prejudice**. Plaintiff's claim of retaliatory prosecution in violation of the First Amendment is **dismissed with prejudice**. Plaintiff's claim for outrage is **dismissed with prejudice**. Defendants are **granted** summary judgment as to all remaining claims and this matter is **dismissed with prejudice** in its entirety.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 27, 2009